Evory and others *v.* Burt and others.

(*Circuit Court, D. Massachusetts.* February 3, 1883.)

PATENTS FOR INVENTIONS—IMPROVEMENT IN SHOES.

Where an improvement on a shoe effects the same results in substantially the same way, it is an infringement on plaintiff's patent, although it presents great simplicity and cheapness as compared to complainant's patent.

In Equity.

*F. H. Betts,* for complainants.

*Geo. D. Noyes,* for defendants.

LOWELL, J. The plaintiffs are the owners of patent No. 59,375, issued to two of them in 1866. The specification describes the invention as consisting of "a novel mode of constructing shoes and gaiters, whereby the ordinary elastic goring at the sides, and the tedious lacing up in front, are both dispensed with, while, at the same time, the tops will expand to receive the foot, and fit neatly and closely around the ankle when the shoe is on, being also water-tight to the extreme top of the shoe."

The mode of obtaining these advantages is by inserting at the rear of the front or vamp of the shoe a triangular flap, or gore, and a similar gore at the front of the back part, or quarter. These flaps, or gores, are sewed together at their edges, and when the shoe is to be put on, they open and admit the foot, and then are closed again and folded outside the shoe, and tied or buckled "forward over the instep." The patentees say: "We do not claim, broadly, for an extension gore flap, inserted in the ankle of gaiter shoes, for this is fully covered by the broad claim of Samuel Babbett's patent, issued March 7, 1865, * * *" and set out the advantages of their mode of construction. Babbett's patent was for a flap inserted in the heel, and carried round the foot and fastened at the heel again. Another patent, issued to Brown & Wootin, was for flaps inserted in the heel and brought round on each side of the foot. The English patent of Norris, of 1856, shows a gore flap like the plaintiffs', except that it folds inside the shoe; but such a flap would be uncomfortable, and the shoe containing it would not be likely to obtain a market.

The claim of the plaintiffs' patent is: "A shoe, when constructed with an expansion gore flap, C, D; the external fold, C, of which is attached to and in front of the quarter, B, and the internal fold, D, of which is attached to and in rear of the vamp, A; the said several parts and pieces being respectively constructed, and the whole ar-

ranged for use, substantially in the manner and for the purpose set forth."

The defendants make shoes under the patent granted to F. Packard, one of the defendants, No. 205,129, dated June 18, 1878, for an improvement in that class of shoes and gaiters known as the Alexis gaiter, and represented in this case by the Exhibit Packard. It is a shoe with a tongue, or instep piece, provided with side wings, or flaps, between the tongue and the quarter, which fold over when the shoe is fastened. The patentee says: "The following are the advantages I claim for my improvement over the ordinary Alexis gaiter, viz: It will not gape open, after a little wear. It will prevent sand and dirt from working its way into the shoe, and effectually excludes snow and water, and will not tear down at the side like a shoe of ordinary construction, as the strain is much less. Its chief point of superiority, however, is the facility with which the shoe having this construction may be put on the foot, as it opens much wider in front than the ordinary pattern, which is always difficult to put on."

This shoe of the defendants has the advantages of the plaintiffs' shoe to a greater or less extent, and they are obtained by means of a gore or flap. As a witness, Packard denies that his shoe has the advantage which his specification says is its chief merit, that of opening more widely than the ordinary pattern. He and his expert say that his gore, or flap, is a stay-piece, which limits the opening of the shoe, and that its only advantage is that it makes the shoe more water-proof. The propositions that it is more water-proof, and opens more widely, are identical. It is more fully water-proof, simply because it opens and closes again by virtue of the gore, or flap. It is more fully water-proof than a shoe with an equal opening without a gore; and it opens wider than an equally water-proof shoe without a gore.

The Evory & Heston patent was held valid in *Evory* v. *Candee*, 2 FED. REP. 542, and its validity is not now assailed, unless a wide construction is given to the claim. And this, as is most usual, is the difficult point. The defendants' shoe has a single and not a double flap, or gore. The quarter, or an extension of it, comes forward and contains the eyelets, or buckle and strap necessary for fastening the shoe over the instep, and so takes the place of one-half of the double gore. This is an old form of fastening. But a gore between the vamp and the quarter, in a shoe which can be comfortably worn, appears to be new; and, though the Packard shoe pre-

sents a very great simplicity and cheapness, as compared with the Evory & Heston, yet it effects the same results in substantially the same way.

Decree for the complainants.